IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL H. GANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-00757-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability insurance benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1. A conflict exists between the ALJ's residual functional capacity ("RFC") determination, which was the basis of the hypotheticals he posed to the vocational expert ("VE"), and the jobs that the VE opined Plaintiff could perform. More specifically, the ALJ found, among other things, that Plaintiff "should never be expected to understand, remember, or carry out detailed instructions." R. at 30. The ALJ included that limitation in his hypotheticals to the VE. R. at 75-77.

Although she was given this mental limitation, the VE opined that Plaintiff could perform the jobs of retail marker, inserting machine operator, and electronic sub-assembler. R. at 76-66. These jobs, however, carry a reasoning level of two. See DOT Codes 208.685-018, 209.587-034, and 729.684-054. A reasoning level of two requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles, Appendix C (4th Ed., Rev. 1991); see also Hulsey v. Astrue, 622 F.3d 917, 923 (8th Cir. 2010).

Given that the ALJ specifically determined that Plaintiff should <u>never</u> be expected to understand, remember, or carry out detailed instructions, the ALJ's determination conflicts with the VE's opinion that Plaintiff could perform jobs requiring the ability to understand and carry out detailed but uninvolved instructions.  This conflict is problematic because the ALJ, based upon the VE's testimony, determined that Plaintiff was not disabled and could perform work as a retail marker, inserting machine operator, and electronic sub-assembler.  R. at 36-37.  Upon remand, the ALJ must address and resolve this conflict.

      2.     The ALJ must also obtain a consultative examination to determine the extent of Plaintiff's limitations stemming from hepatitis C and cirrhosis of the liver, which the ALJ found to be severe impairments.  To the extent limitations associated with hepatitis C and cirrhosis of the liver are supported by substantial evidence in the record, the ALJ shall incorporate those limitations in the RFC and elicit testimony from the VE about whether Plaintiff can perform work and what jobs he could perform.

IT IS SO ORDERED.

DATE: September 18, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT